Kraja v. Holder

BIA
Weisel, IJ
A095 367 448

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        ROBERT D. SACK,
>        REENA RAGGI,
>             *Circuit Judges*.

_____

ILIR KRAJA,
>        *Petitioner*,

>        v.                                    12-4971
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Theodore Vialet, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristen Giuffreda Chapman,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ilir Kraja, a native and citizen of Albania, seeks review of a November 29, 2012 decision of the BIA affirming the July 13, 2011 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied both his motion to reopen and his motion to remand. In re Ilir Kraja, No. A095 367 448 (B.I.A. Nov. 29, 2012), aff'g No. A095 367 448 (Immig. Ct. N.Y. City July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 168-69 (2d Cir. 2008); see also Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d 149, 156-57 (2d Cir. 2005).

## A.  Motion to Reopen

It is undisputed that Kraja's 2011 motion to reopen was untimely, as it was filed more than 90 days after the IJ's 2003 order of removal became final.  See 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R. § 1003.23(b)(1). However, the time limitation for filing a motion to reopen does not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.23(b)(4)(i).

In this case, the agency did not err in concluding that Kraja failed to establish changed conditions in Albania because he did not submit any evidence (such as affidavits) to support his assertion that members of the Socialist Party recently had caused his parents and brother unspecified "problems."  He also failed to explain how these asserted conditions differed from those at the time of his 2003 proceedings, during which he also alleged that his family had problems with the Socialist Party.  See 8 U.S.C.

3

§ 1229a(c)(7)(C)(ii); see also *In re S-Y-G-*, 24 I.& N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

The agency also did not err in declining to toll the time period for filing Kraja's motion based on his ineffective assistance of counsel claim. We have held that a petitioner raising such a claim must comply with the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A.), or explain his failure to do so. See Jian Yun Zheng v. U.S. Dep't of Justice, 409 F.3d 43, 46-48 (2d Cir. 2005) (holding that petitioner "who has failed to substantially comply with the Lozada requirements in [his] motion to reopen before the BIA forfeits [his] ineffective assistance of counsel claim in this Court"). Here, Kraja has failed to satisfy the requisite procedural requirements and has made no effort to explain why his lack of compliance should be excused. Accordingly, the agency did not abuse its discretion in denying his motion to reopen as untimely. See

4

8 U.S.C. § 1229a(c)(7)(C); see also Jian Hui Shao, 546 F.3d at 169.

## B.   Motion to Remand

While his appeal was pending before the BIA, Kraja submitted additional evidence in the form of a motion to reconsider, which the BIA construed as a motion to remand.[1] "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." Li Yong Cao, 421 F.3d at 156.  Therefore, the agency may deny a motion to remand based on "the movant's failure to make a prima facie case of eligibility for asylum."  Id.

Kraja's motion included background documents and letters from his father stating his circumstances since returning to Albania. The letters did not, however, demonstrate that his father suffered persecution or provide any basis for concluding that Kraja would face threats or harm if he returned to Albania.  The BIA did not err in concluding that this evidence failed to establish his prima facie eligibility for asylum and related relief, i.e., a realistic chance of obtaining relief.  See Jian Hui Shao, 546 F.3d at 168-73.

---

[1]  Kraja does not contend that the BIA erred in construing his motion as a motion to remand.

5

Additionally, Kraja's motion introduced evidence that he is now eligible for adjustment of status as the beneficiary of an approved visa petition. Because this "self-induced change in personal circumstances" is not an exception to the time limitation for filing a motion to reopen, <u>Wei Guang Wang v. BIA</u>, 437 F.3d 270, 274 (2d Cir. 2006), the BIA construed his motion as a request to reopen proceedings <u>sua sponte</u>, and denied the request. We lack jurisdiction to review this discretionary denial. <u>See</u> <u>Ali v. Gonzales</u>, 448 F.3d 515, 518 (2d Cir. 2006) (holding that this Court lacks jurisdiction to review the BIA's "entirely discretionary" decision to decline to reopen proceedings <u>sua sponte</u>).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6